Todd A. Bowers (WSBA #24638)
Sang Oh, (WSBA #44041)
tbowers@grsm.com
sangoh@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822
*Attorneys for Defendants Lyft, Inc.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JALINN WIGGINS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC., a foreign corporation; LYFT, INC., d/b/a Lyft Washington, Inc., a foreign corporation; SEYDINA GUEYE and JANE DOE GUEYE, individually and the marital community composed thereof,<br><br>Defendant, | Case No.: 2:24-cv-01440<br><br>**LYFT'S ANSWER TO COMPLAINT** |

Comes now Defendant Lyft, Inc. ("Defendant" or "Lyft"), and in answer to the Complaint of Plaintiff Jalinn Wiggins ("Plaintiff") denies and alleges as follows:

## I. PARTIES & JURISDICTION

1.1 Upon information and belief, Defendant Lyft admits the allegations in paragraph 1.1.

1.2 Admit.

1.3 Paragraph 1.3 of the Complaint contains legal conclusions that do not require a factual answer, but to the extent an answer is required to those statements, Lyft denies that this

paragraph of the Complaint alleges a complete and accurate statement of the law. Lyft admits that Lyft Washington, Inc. is a d/b/a of Lyft, Inc. Lyft admits, upon information and belief, that Defendant Seydina Gueye ("Defendant Gueye") was operating a personal vehicle registered to Seydina Gueye. Lyft did not hire, control, or employ Defendant Gueye. At the time of the incident, Defendant Gueye was an independent contractor who used the Lyft website, application, and technology platform (the "platform" or "Lyft platform") to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. Lyft further denies that it breached any duty and denies liability for any and all alleged negligence. Lyft denies the remaining allegations in paragraph 1.3.

1.4 Admit.

1.5 Admit.

1.6 Lyft admits, upon information and belief, that Defendant Gueye is a resident of King County, Washington. Lyft admits that at the time of the accident Defendant Gueye was operating a personal vehicle registered to Defendant Gueye. Lyft admits, upon information and belief, that Plaintiff was a passenger in Defendant Gueye's personal vehicle at the time of the incident. Lyft did not hire, control, or employ Defendant Gueye. At the time of the incident, Defendant Gueye was an independent contractor who used the Lyft platform to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. Lyft further denies that it breached any duty and denies liability for any and all alleged negligence. Lyft denies the remaining allegations in paragraph 1.6.

1.7 The allegations in paragraph 1.7 do not contain factual allegations directed at Lyft, and thus Lyft need not respond.



GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1.8 Lyft admits the incident occurred in King County, Washington. Lyft admits that the United States District Court, Western District of Washington has jurisdiction over this matter as there is complete diversity of citizenship between the parties and the Western District of Washington is the district court that includes the jurisdiction from which this action was removed. Unless expressly admitted, Lyft denies any remaining allegations in paragraph 1.8.

## II. FACTS

**A. Motor Vehicle Collision.**

2.1 Admit.

2.2 Admit.

2.3 Admit.

2.4 Lyft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2.4 and, therefore, denies them.

2.5 Lyft lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2.5 and, therefore, denies them.

**B. Lyft Inc.**

2.6 Paragraph 2.6 of the Complaint contains legal conclusions that do not require a factual answer but if an answer is required to those statements, Lyft denies them. Lyft does not transport passengers for a fare and denies the allegations in this paragraph.

2.7 Lyft admits that platform users can utilize the Lyft Platform to request a ride pursuant to Lyft's Terms of Service. Lyft denies the remaining allegation sin paragraph 2.7.

2.8 Lyft admits that platform users can utilize the Lyft Platform to request a ride pursuant to Lyft's Terms of Service. Lyft denies any remaining allegations in paragraph 2.8.

2.9 Lyft denies the allegations in paragraph 2.9. Lyft did not hire, control, or employ Defendant Gueye. At the time of the incident, Defendant Gueye was an independent contractor



GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

who used the Lyft platform to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service.

2.10 Lyft denies the allegations in paragraph 2.10. Lyft did not hire, control, or employ Defendant Gueye. At the time of the incident, Defendant Gueye was an independent contractor who used the Lyft platform to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service.

2.11 Lyft connects Lyft platform users for a ride pursuant to Lyft's Terms of Service. Lyft's Terms of Service speak for themselves. Lyft denies any remaining allegations in paragraph 2.11.

2.12 Lyft denies the allegations in paragraph 2.12.

2.13 Lyft denies the allegations in paragraph 2.13. Lyft did not hire, control, or employ Defendant Gueye. At the time of the incident, Defendant Gueye was an independent contractor who used the Lyft platform to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service.

2.14 Lyft denies the allegations in paragraph 2.14.

2.15 Lyft denies the allegations in paragraph 2.15.

2.16 Lyft denies the allegations in paragraph 2.16. Lyft does not hire, employ, or control drivers who use the Lyft platform. Rather, drivers are independent contractors who may use the Lyft platform pursuant to Lyft's Terms of Service.

2.17 Lyft denies the allegations in paragraph 2.17. Lyft does not hire, employ, or control drivers who use the Lyft platform. Rather, drivers are independent contractors who may use the Lyft platform pursuant to Lyft's Terms of Service.

2.18 Lyft denies the allegations in paragraph 2.18, including all subparts. Lyft does not hire, control, or employ drivers who use the Lyft platform. Drivers are independent contractors



GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

who may use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

2.19 Lyft denies the allegations in paragraph 2.19, including all subparts. Lyft does not hire, control, or employ drivers who use the Lyft platform. Drivers are independent contractors who may use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

2.20 Lyft denies the allegations in paragraph 2.20, including all subparts. Lyft does not hire, control, or employ drivers who use the Lyft platform. Drivers are independent contractors who may use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

2.21 Lyft denies the allegations in paragraph 2.21 and Lyft further denies that it breached any duty and denies liability for any and all alleged negligence. Lyft did not hire, control, or employ Defendant Gueye. At the time of the incident, Defendant Gueye was an independent contractor who used the Lyft platform to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service.

**III. CAUSE OF ACTION- NEGLIGENCE**

3.1 Lyft reincorporates its answers contained in Sections I and II as though they were fully set forth herein.

3.2 The allegations in paragraph 3.2 are not directed at Lyft and therefore no response is required.

3.3 The allegations in paragraph 3.3 are not directed at Lyft and therefore no response is required.

3.4 The allegations in paragraph 3.4 are not directed at Lyft and therefore no response is required.



GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

3.5 The allegations in paragraph 3.5 are not directed at Lyft and therefore no response is required.

3.6 The allegations in paragraph 3.6 are not directed at Lyft and therefore no response is required.

**IV. CAUSE OF ACTION- AGENCY OR VICRIOIUS LIABILITY**

4.1 Lyft reincorporates its answers contained in Sections I through III as though they were fully set forth herein.

4.2 Deny. Lyft did not hire, control, or employ Defendant Gueye. At the time of the incident, Defendant Gueye was an independent contractor who used the Lyft platform to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. Lyft further denies that it breached any duty and denies liability for any and all alleged negligence.

4.3 The allegations in paragraph 4.3 are not directed at Lyft and therefore no response is required.

**V. CAUSE OF ACTION – NEGLIGENT HIRING, TRAINING, SUPERVISION & RETENTION**

5.1 Lyft reincorporates its answers contained in Sections I through IV as though they were fully set forth herein.

5.2 The allegations in paragraph 5.2 state one or more legal conclusions to which Lyft need not respond. To the extent an additional response is required, Lyft denies. Lyft denies that it breached any duty and denies liability for any and all alleged negligence. Lyft does not hire, control, or employ drivers who use the Lyft platform. Drivers are independent contractors who may use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.



GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

5.3 The allegations in paragraph 5.3 state one or more legal conclusions to which Lyft need not respond. Lyft does not hire, control, or employ drivers who use the Lyft platform. Drivers are independent contractors who may use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

To the extent further response is required, Lyft denies. Lyft denies that it breached any duty and denies liability for any and all alleged negligence.

5.4 The allegations in paragraph 5.4 state one or more legal conclusions to which Lyft need not respond. At the time of the incident, Defendant Gueye was an independent contractor who used the Lyft platform to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. To the extent further response is required, Lyft denies. Lyft denies that it breached any duty and denies liability for any and all alleged negligence.

5.5 The allegations in paragraph 5.5 state one or more legal conclusions to which Lyft need not respond. At the time of the incident, Defendant Gueye was an independent contractor who used the Lyft platform to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. To the extent further response is required, Lyft denies. Lyft denies that it breached any duty and denies liability for any and all alleged negligence.

5.6 The allegations in paragraph 5.6 state one or more legal conclusions to which Lyft need not respond. At the time of the incident, Defendant Gueye was an independent contractor who used the Lyft platform to connect with other platform users, like Plaintiff, looking for a ride pursuant to Lyft's Terms of Service. To the extent further response is required, Lyft denies. Lyft denies that it breached any duty and denies liability for any and all alleged negligence.

5.7 The allegations in paragraph 5.7 state one or more legal conclusions to which Lyft need not respond. At the time of the incident, Defendant Gueye was an independent contractor who used the Lyft platform to connect with other platform users, like Plaintiff, looking for a ride



GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

pursuant to Lyft's Terms of Service. To the extent further response is required, Lyft denies. Lyft denies that it breached any duty and denies liability for any and all alleged negligence.

## VI. NO CONTRIBUTORY NEGLIGENCE/COMPARATIVE FAULT

6.1 Lyft reincorporates its answers contained in Sections I through V as though there were fully set forth herein.

6.2 The allegations in paragraph 6.2 state one or more legal conclusions to which Lyft need not respond. To the extent further response is required, Lyft denies. Lyft denies that it breached any duty and denies liability for any and all alleged negligence.

6.3 The allegations in paragraph 6.3 state one or more legal conclusions to which Lyft need not respond. Lyft lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.3 and therefore denies the same.

To the extent any allegation in Plaintiff's Complaint is not specifically admitted or denied herein, Lyft denies said allegation.

## PRAYER FOR RELIEF

Lyft denies Plaintiff is entitled to the relieve Plaintiff seeks.

## AFFIRMATIVE DEFENSES

1. **Failure to state a claim**. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. **Preceding, superseding or intervening cause**. Plaintiff's alleged injuries, if any, may have been caused in whole or in party by a preceding, superseding and/or intervening cause.

3. **Failure to Mitigate**. Plaintiff may have failed to mitigate Plaintiff's damages, if any, and they should be reduced accordingly.

4. **Fault of other parties and non-parties**. To the extent the injuries and damages alleged by Plaintiff, if any, were proximately caused by the fault of other persons and/or entities, including Plaintiff, such fault should be allocated in accordance with RCW 4.22.070.



GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

5. **Offset or Set-off**. Lyft reserves the right, in the event that Plaintiff settles with other persons or entities, to seek apportionment, offset, or set off.

6. **Terms of Service**: Defendant invokes and reserves the right to assert any and all rights and defenses as provided in Lyft's Terms of Service, to which Plaintiff is bound as a user of Rideshare Services on the Lyft platform.

7. **Arbitration Agreement**: At the time of the occurrence alleged in the Complaint and thereafter, Plaintiff is bound by the Lyft Terms of Service, which mandate that any claims between Plaintiff and Lyft be submitted to arbitration. Pursuant to the Federal Arbitration Act, Plaintiff is required to arbitrate the claims against Lyft.

8. **Reservation to amend.** Lyft reserves the right to amend these affirmative defenses as warranted by continuing investigation and discovery.

## PRAYER FOR REFLIEF

Wherefore, having fully answered Plaintiff's complaint and having asserted affirmative defenses, Defendant Lyft prays as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and they take nothing thereby;

2. For recovery of all allowable attorneys' fees and costs of suit under the applicable rules; and

3. For such other and further relief as the court deems just and proper.



GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Dated: September 17, 2024

GORDON REES SCULLY MANSUKHANI, LLP

By: *S/Todd A. Bowers*
Todd A. Bowers, WSBA #24638
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
Email: tbowers@grsm.com

By: *S/Sang Oh*
Sang Oh, WBSA #44041
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
Email: sangoh@grsm.com

*Attorneys for Lyft, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day a true and accurate copy of the foregoing document was served via e-mail on the following individuals as indicated below:

***Attorneys for Plaintiff Jalinn Wiggins***

Christopher M. Davis, WSBA #23234
David M. Reeve, WSBA #48405
Davis Law Group, P.S.
2101 Fourth Avenue, Suite 1030
Seattle, WA 98121
Phone: (206) 727-4000
Email: chris@davislawgroupseattle.com
Email: david@davislawgroupseattle.com

***Attorneys for Defendants Seydina Gueye and Jane Doe Gueye***

Katie Buxman, WSBA #32867
Heather Murray, WSBA #60577
Maloney Lauersdorf Reiner PC
1111 E. Burnside Street, Suite 300,
Portland, OR 97214
Phone: (503) 972-8182
Email: kb@mlrlegalteam.com
Email: hmm@mlrlegalteam.com

Dated: September 17, 2024.

*/s/ David Diaz*
David Diaz, Legal Assistant
ddiaz@grsm.com



GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822