UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JALINN WIGGINS,<br><br>             Plaintiff,<br><br>   v.<br><br>LYFT, INC., et al.,<br><br>            Defendants. | CASE NO. C24-1440 MJP<br><br>ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Jalinn Wiggins' Motion for Partial Summary Judgment. (Dkt. No. 26.) Having reviewed the Motion, Defendant Seydina Gueye's Response (Dkt. No. 31), the Reply (Dkt. No. 34), and all supporting materials, the Court GRANTS in part, DENIES in part, and WITHHOLDS RULING in part on Wiggins' Motion.

**BACKGROUND**

With Plaintiff Wiggins as a Lyft passenger, Defendant Gueye lost control of his vehicle in wet weather and Wiggins suffered several injuries when the car rolled over multiple times. A Washington State Patrol Officer cited Gueye for driving too fast for the conditions and noted that

his vehicle had extremely worn tires with metal tread exposed. Wiggins pursues one claim of negligence against Gueye. (Complaint ¶¶ 3.1-3.6 (Dkt. No. 1-2).) Wiggins now moves for partial summary judgment on two issues: (1) past medical damages; and (2) Gueye's affirmative defenses.

**A.      Medical Costs**

In his Motion, Wiggins identifies roughly $58,000 in past medical expenses he claims were caused by Gueye's alleged negligence. Wiggins provides a declaration from his treating physician, Kirk E. Whetstone, M.D., who opines as to causation, medical necessity, and the reasonableness of the treatment and the costs. Whetstone believes that Wiggins sustained injuries proximately caused by the vehicle rollover, including cervical disc herniations with left-sided radiculopathy, lumbar disc herniation, and a right lateral meniscus tear. (Declaration of Kirk Whetstone, M.D. at ¶ 16 (Dkt. No. 27).) Whetstone identified $58,583.70 in past medical expenses that he believes are reasonable and causally connected to the injury.

With his Response, Gueye provides an independent record review conducted by Michael J. Battaglia, M.D., who agrees that Wiggins sustained cervical, thoracic, and lumbar injuries from the car rollover, but disputes the claimed injuries to Wiggins' knee. (Report of Dr. Battaglia (Ex. 3 to Declaration of Katie Buxman (Dkt. No. 33-3)).) Battaglia believes "on a more-probable-than-not basis, the right knee minimal fraying is not a traumatic injury and is not a result of the accident in question." (Battaglia Report at 9.) Battaglia also disputes some of the claimed limitations and believes that none of the injuries are permanent or that further treatment is needed. (Id. at 10-11.) Battaglia does not, however, claim that any of the amounts incurred are unreasonable.

1   In the Reply, Wiggins trims back his request to exclude those medical costs related to his knee. (Reply at 1-2.) This reduction was performed by counsel, who "removed all treatment specifically related to Mr. Wiggins' contested knee injury, including the surgical workup, surgery, anesthesia, diagnostic imaging, and physical therapy." (Declaration of David Reeve ISO Reply ¶ 2 (Dkt. No. 35).) This results in a revised request for $37,215.46 in medical costs.

**B.   Affirmative Defenses**

In his Motion, Wiggins also seeks summary judgment on all of Gueye's affirmative defenses, contending that some are improperly pleaded and that others lack supporting evidence. Gueye pleaded fifteen affirmative defenses: (1) subject matter jurisdiction; (2) personal jurisdiction; (3) improper venue, (4) insufficient service of process, (5) failure to properly serve Defendants, (6) statute of limitations; (7) failure to state a claim; (8) failure to join a necessary party; (9) failure to mitigate; (10) pre-existing injury/condition; (11) contributory negligence; (12) plaintiff's injuries were caused by a later accident; (13) Jane Doe Gueye is not a proper party; (14) offset from any related settlement; and (15) a general reservation to add new defenses. (Gueye Answer at 6 (Dkt. No. 19).) Gueye's opposition presents an unusual response. Counsel claims they have been unable to contact Gueye because he has been arrested, tried, convicted, and sentenced for an unrelated criminal charge and that Gueye refused to speak with them during the criminal proceedings. (See Resp.; Declaration of Heather Murray ¶¶ 2, 14 (Dkt. No. 33).)

To understand the merit of this response, the Court reviews how Gueye's arrest factors into the timeline of this litigation. After this case was removed, Gueye filed an Answer in October 2024. In early 2025, Gueye propounded written discovery to which Wiggins responded, and Gueye's counsel took Wiggins' deposition on June 18, 2025. (Answer (Dkt. No. 19);

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

Buxman Decl. Ex. 2; Resp. at 4.) It remains unclear when Gueye was arrested and taken into custody. On the record presented, Gueye's counsel first disclosed to Wiggins's counsel on March 10, 2025 that their client was incarcerated. (Declaration of David Reeve Ex. 3 (Dkt. No. 35).) And on March 26, 2025, Gueye's counsel first visited him at a correctional facility, at which time he refused to speak with counsel, and instead directed them to speak with his criminal defense attorney. (Declaration of Heather M. Murray at ¶ 2 (Dkt. No. 32).) Though there is no evidence presented, Gueye's Response claims that his criminal trial began on May 12, 2025 and after being sentenced he was transferred to Washington Corrections Center on June 12, 2025. (Resp. at 4.) It does not appear that Gueye's counsel has been able to confer with him since at least March 26, 2025 to the present. But his counsel believes they will be able to communicate more easily with him now that his criminal trial has been completed and he is in a correctional facility. (Murray Decl. ¶ 14.)

## ANALYSIS

**A.    Summary Judgment Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party

then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323-24.

**B.      No Dispute of Past Medical Damages Excluding Knee**

The Court finds no dispute of fact as to Wiggins' past medical costs, excluding those concerning his claimed knee injuries.

Under Washington law, a plaintiff must prove four elements to prevail on a negligence claim: "(1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury." Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 127–28 (1994). "A plaintiff in a negligence case may recover only the reasonable value of medical services received, not the total of all bills paid." Patterson v. Horton, 84 Wn. App. 531, 543 (1997). Medical expenses must be both reasonable and necessary to be recovered as damages. See Palmer v. Jensen, 132 Wn.2d 193, 199 (1997). The burden rests with the Plaintiff to prove the reasonableness and necessity of medical expenses. Patterson, 84 Wn. App. at 543. Medical expenses are not reasonable and necessary if they are attributable to an event other than the defendant's negligent act or if they are due to exaggerated injuries. Kadmiri v. Claassen, 103 Wn. App. 146, 151 (2000).

On the record presented, the Court finds that Wiggins has presented unrebutted evidence that a subset of his past medical expenses were reasonably incurred as a result of the car rollover. Dr. Whetstone has provided unrebutted evidence as to both the necessity and reasonableness of the medical expenses Wiggins incurred that were proximately caused by the car incident. Gueye's expert, Dr. Battaglia, raises only one concern about medical expenses related to the injured knee, and says nothing about whether the expenses for any medical services were

1  reasonable or not. With the Reply, Wiggins' counsel has removed any claim for knee-related
2  costs, providing undisputed factual support that Wiggins incurred $37,215.46 in medical costs
3  that are reasonable, necessary, and causally related to the rollover. On this basis, the Court
4  GRANTS in part the Motion and finds Wiggins incurred $37,215.46 in medical costs that are
5  reasonable, necessary, and causally related to the rollover. However, the Court notes that it has
6  not been asked to make any findings as to whether Gueye breached any duty of care or any
7  finding as to liability.

**C.      Affirmative Defenses**

The Court finds Wiggins is entitled to dismissal of several affirmative defenses, but that Gueye has identified facts supporting one affirmative defense and reasons to permit him additional time to respond as to several others.

First, the Court agrees with Wiggins that Gueye's "failure to state a claim" defense (No. 7) is not a valid affirmative defense. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). Indeed, "[c]ourts in the Ninth Circuit have routinely held that "failure to state a claim" is not a proper affirmative defense." Kaiser v. CSL Plasma Inc., 240 F. Supp. 3d 1129, 1134 (W.D. Wash. 2017) (citing cases). Rather, this theory can and should be maintained through a motion brought under Rule 12. Gueye identifies no contrary precedent and fails to sustain this defense. The Court therefore GRANTS the Motion as to this defense.

Second, as to the failure to mitigate defense (No. 9), the Court finds Gueye fails to carry his burden. Gueye argues that Wiggins failed to mitigate his knee injury, as evidenced by one provider's note stating that he "feels 85% better with treatment." (Dkt. No. 33-4.) But this is inadequate evidence to sustain the failure to mitigate defense, which requires evidence of a

failure to exercise reasonable care that delayed the recovery. See Salisbury v. Seattle, 25 Wn. App. 2d 305, 328-29 (2023). The terse provider notes here make no mention of a standard of care, what steps Wiggins did or did not do, or the relevant time period during which Wiggins failed to act. As such, Gueye has not identified evidence to sustain a failure to mitigate defense. The Court therefore GRANTS the Motion and dismisses this defense.

Third, the Court agrees with Wiggins that Gueye has not identified evidence of a subsequent accident to sustain the twelfth affirmative defense. Gueye argues that the same provider note documenting an 85% improvement to the knee and the fact that Wiggins did physical labor after the incident "is suggestive of a subsequent injury during that nearly ten-month gap." (Resp. at 11.) This is inadequate evidence to sustain the defense, as Gueye has not identified any actual subsequent injury—just the mere possibility. This is not sufficient to sustain the defense. The Court therefore GRANTS the Motion as to this defense.

Fourth, the Court GRANTS the Motion as to Gueye's final affirmative defense (No. 15), which purports to reserve Gueye's right to add new affirmative defenses. To the extent Gueye wishes to amend his Answer and include new affirmative defense, he will have to seek leave to do so and comply with all applicable Rules of Civil Procedure. The reservation is not a properly pleaded defense and the Court GRANTS the Motion as to affirmative defense No. 15.

Fifth, Gueye has identified facts in dispute as to the pre-existing condition defense (No. 10) that warrant denial of the Motion. Gueye notes Dr. Battaglia's opinion that Wiggins had a pre-existing knee condition that he believes, on a more-probable-than-not basis, was non-traumatic and not caused by the rollover. This suffices to a raise a dispute of fact precluding summary judgment as to a pre-existing condition concerning the knee. See Little v. King, 160 Wn.2d 696, 705 (2007), as amended on denial of reconsideration (Oct. 3, 2007). Dr. Battaglia

also stated that "[t]he cervical findings are degenerative in nature" and they "would represent a temporary aggravation of preexisting degenerative changes" such that the injury is not "permanent." (Battaglia Report at 10 (Dkt. No. 33-3 at 11)). But Battaglia does not opine on a more-probable-than-not basis as to causation, and Gueye has not met his burden of proof as to this claimed pre-existing condition concerning Wiggins' cervical condition. See Little, 160 Wn.2d at 705 (noting that a pre-existing condition defense request competent causation evidence on a more-probable-than-not basis). The Court therefore DENIES the Motion as to the pre-existing condition defense, but only as to the knee-related opinion.

Sixth, as to the remaining affirmative defenses (Nos. 1-6, 11, 13, 14) Gueye asks for additional time to confer with counsel to provide a response. Though not framed as a Rule 56(d) request for a continuance, the Court here construes it as just such a request. Here, Gueye's incarceration and counsel's difficulty in conferring with him satisfy the Court that a continuance is reasonable. See Fed. R. Civ. P. 56(d)(2). The Court therefore permits Gueye's counsel an additional thirty days to confer with their client and file a response to the Motion for Partial Summary Judgment as to these defenses only. But the Court cautions Gueye's counsel on several fronts. First, counsel owed a duty under Rule 11 to ensure that all affirmative defenses were warranted by law and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Counsel therefore must have had a valid factual and legal basis to include each of these defenses at the time of filing the answer. Gueye's response must provide evidentiary support to show the reasonableness of counsel's investigation in preparing the answer and the basis for inclusion of each of these defenses in the answer. Second, counsel must provide evidence of all reasonable steps that they have taken to pursue

discovery related to these defenses and the efforts to confer with their client prior to his arrest and the criminal proceedings. This evidence is necessary for the Court to evaluate whether counsel has complied with its duties under Rule 11 and whether any of these defenses may survive summary judgment. On this basis, the Court WITHHOLDS RULING on the Motion as to defenses numbers 1-6, 11, 13, and 14.

## CONCLUSION

The Court finds undisputed evidence that Wiggins incurred $37,215.46 in medical costs that are reasonable, necessary, and causally related to the rollover. But the Court has not been asked to and makes no finding as to liability. On this basis the Court GRANTS in part the Motion.

The Court finds that affirmative defenses 7, 9, 12, and 15 lack evidentiary support and/or are improper defenses. The Court therefore GRANTS in part the Motion as to these defenses. The Court DENIES in part the Motion as to the pre-existing condition defense (No. 10). And the Court WITHHOLDS ruling on the Motion as to defenses numbers 1-6, 11, 13, and 14. Gueye shall have 30 days from the date of this Order to file a response to the Motion as to these defenses, and counsel must include all of the evidence requested by the Court, as outlined above. Wiggins shall have 7 days from the date of the response to file a reply.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 6, 2025.

Marsha J. Pechman
United States Senior District Judge